**UNITED STATES of America,**
**Appellee,**

v.

**Jose BERNAL–IBANOS, Defendant–**
**Appellant.**

**No. 05–0379–CR.**

United States Court of Appeals,
Second Circuit.

March 29, 2006.

Emily Berger and Allen L. Bode, Assistant United States Attorneys, of counsel,

for Rosylnn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of March, two thousand and six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*) be, and it hereby is, REMANDED.

Defendant-appellant Jose Bernal–Ibanos appeals the sentence he received following his conviction, upon a plea of guilty, of reentry after removal for conviction of an aggravated felony under 8 U.S.C. §§ 1326(a), (b)(2). He was sentenced to 96 months imprisonment, three years of supervised release, and a special assessment of $100. We assume the parties' familiarity with the facts, the proceedings below, and the scope of the issues presented on appeal.

Bernal–Ibanos is entitled to a remand to be resentenced under the post-*Booker* non-

---

* The Honorable William K. Sessions III, Chief United States District Court Judge for the

District of Vermont, sitting by designation.

mandatory Guidelines regime. *See United States v. Fagans,* 406 F.3d 138, 141 (2d Cir.2005). We decline to exercise our discretion under *Fagans,* to adjudicate Bernal–Ibanos' challenge to the district court's imposition of an upward departure pursuant to U.S.S.G. § 4A1.3. *Cf. id.* at 141. In addition, we decline to address Bernal–Ibanos' challenge to the additional criminal history point assessed for an offense arising in Ohio that he alleges he did not commit. The district court will consider these questions upon resentencing under the standards of *Booker.*

Accordingly, we remand to the district court for resentencing in accordance with *United States v. Fagans,* and refer defendant's challenge to its upward departure and to the Ohio sentence for consideration on remand.